FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 21 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re Application of G2A.COM SP. Z O.O. (LTD.) for an order to obtain discovery for use in a foreign proceeding from Gate Arena LLC and Jacek Bryla

MISC Case No. 19-1621

DeARCY HALL, J.

# MEMORANDUM OF LAW IN SUPPORT OF PETITION AND APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FROM GATE ARENA LLC AND JACEK BRYLA FOR USE IN A FOREIGN PROCEEDING

KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

*Attorneys for Petitioner*
*G2A.com Sp. z o.o. (Ltd.)*

## TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ...................................................................................................... 1

II. RELEVANT FACTS ................................................................................................. 1

III. SECTION 1782 AUTHORIZES THE DISCOVERY G2A
SEEKS AND THE DISCRETIONARY FACTORS WEIGH HEAVILY IN
FAVOR OF GRANTING THE REQUESTED DISCOVERY ................................. 2

    A. Applicable Law ............................................................................................. 2

    B. The Requested Discovery Meets the Statutory Requirements of Section
1782 ................................................................................................................ 4

        1. Mr. Bryla and Gate Arena Reside or Can Be Found Within the
District ................................................................................................ 4

        2. The Discovery Sought Is Intended For Use In A Foreign
Proceeding .......................................................................................... 5

        3. G2A Is an Interested Person .............................................................. 6

    C. The Information Sought Is Highly Relevant and Presumptively
Discoverable Under Section 1782 ................................................................. 6

    D. The Intel Discretionary Factors Weigh Heavily in Favor of
Granting G2A's Application .......................................................................... 7

        1. Gate Arena is not a Party to the Polish Proceeding ........................... 7

        2. The Polish Authority's Receptivity to Assistance Favors Granting
G2A's Application ............................................................................. 8

        3. This Application Is Not an Attempt to Circumvent Polish Law or
Policy ................................................................................................. 9

        4. The Discovery Is Neither Unduly Burdensome Nor Intrusive ........ 10

    E. Ex Parte Relief Is Appropriate Under Section 1782(a) ............................... 11

IV. CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bayer AG*,
  146 F.3d 188 (3d Cir. 1998), *as amended* (July 23, 1998) .................................................. 3, 7

*In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C.
  §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-
  00047, 2018 WL 895675(S.D.N.Y. Feb. 14, 2018) .............................................................. 4, 8

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012) .................................................................................................... 8, 9

*In re Certain Funds, Accounts, &/or Inv. Vehicles Managed by Affiliates of
  Fortress Inv. Grp. LLC*, No. 14 CIV. 1801 NRB, 2014 WL 3404955
  (S.D.N.Y. July 9, 2014) ............................................................................................................. 4

*In re Edelman*,
  295 F.3d 171 (2d Cir. 2002) ............................................................................................. 3, 4, 5

*Gorsoan Ltd. v. Bullock*,
  652 F. App'x 7 (2d Cir. 2016) ............................................................................................... 7, 8

*In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant
  to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*,
  No. 13 MISC. 397 PGG, 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014) ................................... 8

*Gushlak v. Gushlak*,
  486 F. App'x 215 (2d Cir. 2012) .......................................................................................... 4, 11

*In re Application of Hill*,
  No. 05CV999996, 2007 WL 1226141 (S.D.N.Y. Apr. 23, 2007) ............................................. 9

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ......................................................................................................... *passim*

*Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*,
  760 F. Supp. 2d 109 (D. D.C. 2011) ......................................................................................... 6

*In re Ex Parte Lee-Shim*,
  No. 513MC80199LHKPSG, 2013 WL 5568713 (N.D. Cal. Oct. 9, 2013) ............................. 6

*London v. Does 1-4*,
  279 F. App'x 513 (9th Cir. 2008) ........................................................................................... 10

*Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*,
   No. C 12-80118 SI, 2012 WL 2906761 (N.D. Cal. July 16, 2012) ..........................................10

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015).................................................................................3, 4, 9, 11

*Minatec Fin. S.A.R.L. v. SI Grp. Inc.*,
   No. CIV1:08CV269, 2008 WL 3884374 (N.D.N.Y. Aug. 18, 2008).........................................9

*In re Porsche*,
   2016 WL 702327 ...........................................................................................................3, 9, 11

*In re Ex Parte Application of Qualcomm Inc.*,
   162 F. Supp. 3d 1029 (N.D. Cal. 2016)..................................................................................6

*In re Servicio Pan Americano de Proteccion*,
   354 F. Supp. 2d 269 (S.D.N.Y. 2004)....................................................................................8

**Statutes**

28 U.S.C. § 1782................................................................................................................ *passim*

Polish Tax Ordinance Act Articles 123 and 180 ....................................................................9

**Other Authorities**

26 CFR § 301.7701-3(b)(1)(ii) ...........................................................................................2, 7

Rule 45 .......................................................................................................................................11

## I. INTRODUCTION

Petitioner G2A.com Sp. z o.o. (Ltd.) ("G2A") hereby submits this memorandum of law in support of its Petition and Application for an Order Pursuant to 28 U.S.C. § 1782 ("Section 1782") to obtain discovery from Gate Arena LLC ("Gate Arena") and Jacek Bryla for use in proceedings before the Polish Head of Tax & Customs Office ("Polish Authority"). G2A's proposed subpoenas to Gate Arena and Mr. Bryla are annexed to the accompanying Declaration of Philip Robben as Exhibits 1-4.

## II. RELEVANT FACTS

Since at least 2013, G2A has been the subject of a tax audit ("Polish Proceeding") being conducted by the Polish Authority. Declaration of Maciej Jaworowski ("Jaworowski Decl.") ¶ 2. The Polish Proceeding concerns G2A's compliance with its obligations under Poland's value added tax ("VAT") law in relation to certain transactions between G2A and Gate Arena. Jaworowski Decl. ¶ 3. Gate Arena is a Delaware limited liability company, bearing no relation to G2A, with its principle place of business in Suffolk County, New York. Jaworowski Decl. ¶ 4. Gate Arena's sole member, Jacek Bryla, also resides in Suffolk County, New York. Jaworowski Decl. ¶ 5.

In an attempt to obtain information regarding these transactions, the Polish Authority issued a request to the United States Internal Revenue Service ("IRS") under the 1974 U.S.-Poland Income Tax Treaty ("Tax Treaty") to provide certain information from its records related to Gate Arena. Jaworowski Decl. ¶ 6. In its August 26, 2013 response to the Polish Authority, the IRS stated that its "research ha[d] not yielded any indication that [Gate Arena] ha[d] ever had any substantive presence in the United States or conducted any business activities in the United States" and opined that Gate Arena "appears to be a shell company." Jaworowski Decl., ¶¶ 7-11; Exhibit A. G2A knows that the IRS's report is

incorrect and believes that this misconception is a result of the fact that Gate Arena, as a single member LLC, is not obligated to file a United States tax return. Jaworowski Decl. ¶ 7-11. Instead, G2A believes that Gate Arena's income is, reported and taxed via its sole member, Jacek Bryla. *See* 26 CFR § 301.7701-3(b)(1)(ii)

The IRS's report has created a misconception leading the Polish Authority to incorrectly conclude that G2A's dealings with Gate Arena were illegitimate. This misconception has harmed G2A and prolonged the Polish Proceeding. Jaworowski Decl. ¶ 8-10. While Polish law allows G2A to submit information to the Polish Authority in its defense, G2A has been unable to correct the misconception created by the IRS because it lacks substantive information regarding Gate Arena's tax and business practices. Jaworowski Decl. ¶¶ 12, 16. In order to obtain that information, G2A now seeks an order requiring Mr. Bryla and Gate Arena to provide testimony and produce documents sufficient to substantiate the nature of Gate Arena's relationship with G2A and Gate Arena's revenues and business transactions in the United States during the years 2013-2015.

### III. SECTION 1782 AUTHORIZES THE DISCOVERY G2A SEEKS AND THE DISCRETIONARY FACTORS WEIGH HEAVILY IN FAVOR OF GRANTING THE REQUESTED DISCOVERY

#### A. Applicable Law

Under 28 U.S.C. § 1782(a), federal district courts may order discovery for use in a foreign or international tribunal from persons residing or found in the district where the application is made:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ... The order may be made ... upon the application of any interested person and may direct

2

> that the testimony or statement be given, or the document or other thing be produced.

28 U.S.C. § 1782. "As a general matter, the Supreme Court and the Second Circuit have made clear that district courts are to take a hospitable view of applications to compel the production of evidence by persons found or residing in the United States for use in foreign litigation." *In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings,* No. 15-MC-417 (LAK), 2016 WL 702327, at *2 (S.D.N.Y. Feb. 18, 2016). Where the information sought is relevant, it is "presumptively discoverable under § 1782." *In re Bayer AG,* 146 F.3d 188, 196 (3d Cir. 1998), *as amended* (July 23, 1998).

The threshold statutory requirements of Section 1782(a) are: (1) the persons from whom discovery is sought must reside in or be found in this district; (2) the discovery must be for use in a proceeding in a foreign tribunal; and (3) the applicant must be an "interested person." *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 246 (2004); *see also Mees v. Buiter,* 793 F.3d 291, 297 (2d Cir. 2015). When all three requirements are met, the decision to grant the request rests with the district court. *See Intel,* 542 U.S. at 260-61; *Mees,* 793 F.3d at 297 ("Once those statutory requirements are met, a district court may grant discovery under § 1782 in its discretion."); *In re Edelman,* 295 F.3d 171, 180-81 (2d Cir. 2002) ("Congress has expressed as its aim that the statute be interpreted broadly and that courts exercise discretion in deciding whether, and in what manner, to order discovery in particular cases . . . Congress planned for district courts to exercise broad discretion over the issuance of discovery orders pursuant to § 1782(a). . . .").

In *Intel,* the Supreme Court further articulated the following factors a district court should consider when determining whether to grant an application pursuant to Section

3

1782(a): (i) whether the person from whom discovery is requested is not a party to the foreign proceeding; (ii) the nature of the foreign tribunal, the character of the foreign proceeding, and the tribunal's receptivity to the federal court's assistance; (iii) whether the applicant is attempting to circumvent discovery restrictions or policies of the foreign tribunal; and (iv) whether the discovery sought is unduly intrusive or burdensome. 542 U.S. at 264-65; *see also Mees*, 793 F.3d at 298.

G2A satisfies all of the Section 1782 requirements and the discretionary factors outlined in *Intel* weigh heavily in favor of granting the requested discovery.

**B.     The Requested Discovery Meets the Statutory Requirements of Section 1782**

**1.     Mr. Bryla and Gate Arena Reside or Can Be Found Within the District**

The first statutory requirement for Section 1782 discovery is met because Mr. Bryla and Gate Arena reside or can be found in the Eastern District of New York. *See Gushlak v. Gushlak*, 486 F. App'x 215, 218 (2d Cir. 2012). According to public records, Mr. Bryla owns property, resides, and is registered to vote in Suffolk County. Robben Decl. Ex. 5. These factors are sufficient for Mr. Bryla to be "found" in the District as required by Section 1782. *See In re Edelman*, 295 F.3d at 178 ("We think . . . § 1782(a) supports a flexible reading of the phrase 'resides or is found'"). Similarly, Gate Arena's principle place of business is in Suffolk County. Jaworowski Decl. ¶ 4. This too satisfies Section 1782. *In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018); *In re Certain Funds, Accounts, &/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, No. 14 CIV. 1801 NRB, 2014 WL 3404955, at *5 (S.D.N.Y. July 9, 2014).

4

Therefore, both Mr. Bryla and Gate Arena are subject to service of a subpoena in this District and the first requirement is satisfied as to each of them. *In re Edelman*, 295 F.3d at 180 ("[W]e hold that if a person is served with a subpoena while physically present in the district of the court that issued the discovery order, then for the purposes of § 1782(a), he is 'found' in that district.").

### 2. The Discovery Sought Is Intended For Use In A Foreign Proceeding

In *Intel* the Supreme Court held that the second statutory requirement, that the discovery sought is intended for use in a foreign proceeding, is satisfied when a dispositive ruling by an adjudicative body is "within reasonable contemplation." *Intel*, 542 U.S. at 259. This standard encompasses not only rulings made by courts but also those made in administrative and quasi-judicial proceedings. *See Intel*, 542 U.S. at 249, 258. The Polish Proceeding is just this sort of administrative process. The Head of Tax & Customs Office, currently investigating G2A's tax obligations, is expected to issue a dispositive ruling in the near future. Jaworowski Decl. ¶ 13. Further, that decision will be appealable to the Head of Chamber of Tax Administration, whose decision is in turn appealable to the Voivodeship Administrative Court and the Supreme Administrative court. Jaworowski Decl. ¶ 14. G2A intends to submit the discovery sought here to the Head of Tax & Customs Office as is its right under Polish law and to rely upon it at each level of judicial appeal, should such appeals become necessary. Jaworowski Decl. ¶¶ 14, 15, 16. Therefore, under the definition of "foreign proceeding" recognized in *Intel* this second statutory requirement is also satisfied.

### 3. G2A Is an Interested Person

G2A also unquestionably satisfies the third and final statutory requirement of Section 1782, that it have an interest in the Polish Proceeding. Interested persons under Section 1782 include those who are the subject of or have a right to submit evidence in an ongoing investigation. *See In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1038 (N.D. Cal. 2016) (the subject of the foreign proceeding is an interested person); *In re Ex Parte Lee-Shim*, No. 513MC80199LHKPSG, 2013 WL 5568713, at *1 (N.D. Cal. Oct. 9, 2013) ("there can be no real dispute that [the petitioner] qualifies as an interested person because he is the subject of the pending investigations"); *Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 113 (D.D.C. 2011) ("the phrase 'any interested person' is also interpreted broadly and may encompass those who 'prompt [] an investigation' … 'have a right to submit information' and who 'possess a reasonable interest in obtaining judicial assistance'"). Here, G2A is both. Jaworowski Decl. ¶¶ 2, 16. Therefore, G2A satisfies this third statutory requirement and granting the requested discovery is appropriate.

### C. The Information Sought Is Highly Relevant and Presumptively Discoverable Under Section 1782

The Polish Proceeding concerns whether G2A properly complied with its VAT obligations related to certain transactions with Gate Arena. Jaworowski Decl. ¶ 3. This investigation has been prolonged to G2A's expense and detriment as a result of a misconception created by the IRS's August 2013 report to the Polish Authority. Jaworowski Decl. ¶ 10. The report speculated that Gate Arena is a shell company, because the IRS purportedly has no records providing "any indication that [Gate Arena] has ever had any substantive presence in the United States or conducted any business in the United States."

Jaworowski Decl. Exhibit A. From this report, the Polish Authority has drawn the false inference that the transactions it is investigating between G2A and Gate Arena are improper attempts to avoid Polish VAT liability rather than what they actually were: arms-length transactions between G2A and a separate entity conducting business in the United States.

G2A has been unable to counter the misimpression caused by the IRS's speculation because it lacks evidence concerning Gate Arena's business and tax reporting. Jaworowski Decl. ¶ 12. It is G2A's belief that the real reason the IRS does not have any information related to Gate Arena is not that Gate Arena is a shell company that generates no income but that the funds it generates are taxed as the income of its sole member, Mr. Bryla, under 26 CFR § 301.7701-3(b)(1)(ii). Jaworowski Decl. ¶ 11. That regulation is designed to prevent double taxation by exempting single member limited liability companies, such as Gate Arena, from paying tax on profits that accrue to the benefit and will be taxed as income of their sole member. In order to prove to the Polish Authority that Gate Arena is in fact a legitimate, separate, going concern that G2A has engaged in business transactions with, G2A will require financial documents and explanatory testimony regarding Gate Arena's business and accounting practices. However, that information is in the unique possession of Mr. Bryla and Gate Arena. Thus, the information G2A is seeking is relevant to its defense in the Polish Proceeding and presumptively discoverable under Section 1782. *In re Bayer AG,* 146 F.3d 188, 196 (3d Cir. 1998).

### D. The *Intel* Discretionary Factors Weigh Heavily in Favor of Granting G2A's Application

#### 1. Gate Arena is not a Party to the Polish Proceeding

The first *Intel* factor asks whether the foreign tribunal has the power to compel the discovery sought, thereby rendering any assistance under 1782 unnecessary. *Gorsoan Ltd. v.*

7

*Bullock*, 652 F. App'x 7, 9 (2d Cir. 2016). Here, it is indisputable that the discovery sought is beyond the reach of the Polish Authority because Gate Arena is not a party to the Polish Proceeding and operates in the United States, beyond the jurisdiction of the Polish Authority. *Id.* Accordingly, the first *Intel* factor weighs heavily in favor of granting the discovery requested by G2A.

### 2. The Polish Authority's Receptivity to Assistance Favors Granting G2A's Application

The second *Intel* factor looks to the "receptivity" of the foreign tribunal. *Intel*, 542 U.S. at 264. "Receptivity" is not a question of whether the foreign court would or could permit the particular discovery sought. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012). The Supreme Court in *Intel* explicitly found that Section 1782(a) does not "categorically bar a district court from ordering production of documents when the foreign tribunal or the 'interested person' would not be able to obtain the documents if they were located in the foreign jurisdiction." *Intel*, 542 U.S. at 259-60. Rather, the relevant inquiry is whether the foreign tribunal has indicated that it is inhospitable to the assistance of American courts as a general matter. *See In re BNP Paribas Jersey Tr. Corp. Ltd. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 18-MC-00047 (PAC), 2018 WL 895675, at *3 (S.D.N.Y. Feb. 14, 2018); *In re Application of Gorsoan Ltd. & Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proceeding*, No. 13 MISC. 397 PGG, 2014 WL 7232262, at *7 (S.D.N.Y. Dec. 10, 2014). Poland has given no such indication. To the contrary, Poland specifically indicated that it desires the assistance of the United States when it signed the Tax Treaty providing for the exchange of information with the United States in the furtherance of this sort of tax investigation. *See In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 274

8

(S.D.N.Y. 2004). As a result of this overt show of receptivity, the second *Intel* factor also weighs in favor of granting the discovery G2A seeks.

### 3. This Application Is Not an Attempt to Circumvent Polish Law or Policy

The third discretionary *Intel* factor, whether the applicant is attempting to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States," is meant to preclude bad faith misuse of Section 1782's process. *Intel*, 542 U.S. at 265; *Minatec Fin. S.A.R.L. v. SI Grp. Inc.*, No. CIV1:08CV269, 2008 WL 3884374, at *8 (N.D.N.Y. Aug. 18, 2008); *In re Application of Hill*, No. 05CV999996, 2007 WL 1226141, at *3 (S.D.N.Y. Apr. 23, 2007); *see also Mees*, 793 F.3d at 298. G2A's Application is made in good faith and does not attempt to circumvent any Polish law or policy. Indeed Articles 123 and 180 of the Polish Tax Ordinance Act specifically allow investigated taxpayers to submit the type of evidence sought by this application in their defense. Jworowski Decl. ¶ 16.

Moreover, "[t]he Supreme Court and the Second Circuit have made clear that the third *Intel* factor does not turn on whether the evidence sought in the U.S. proceeding would be available in the foreign proceeding." *In re Porsche*, 2016 WL 702327 at *9; *Intel*, 542 U.S. at 261 ("there is no reason to assume that because a country has not adopted a particular discovery procedure, it would take offense at its use.") (internal quotation and citations omitted). Indeed, "[Section] 1782 contains no foreign-discoverability requirement." *Mees*, 793 F.3d at 303. Nor does it contain a foreign-admissibility requirement. *See Brandi-Dohrn v. IKB Deutsche Indstriebank AG*, 673 F.3d 76, 82 (2d Cir. 2012). Finally, Section 1782 does not require an applicant to previously have tried and failed to obtain the evidence sought in the foreign proceeding in order to obtain discovery. *See Mees*, 793 F.3d at 303-04.

9

There is no evidence of bad faith or misuse of process here. The discovery that G2A seeks is consistent with its good faith desire to dispel the misconceptions currently weighing against it in the Polish Proceeding. If G2A is required to proceed without the requested information, it will greatly prejudice its ability to present a defense. Accordingly, the third *Intel* factor also weighs heavily in favor of granting G2A's requested discovery.

### 4. The Discovery Is Neither Unduly Burdensome Nor Intrusive

G2A also satisfies the fourth *Intel* factor as its discovery requests are neither unduly burdensome nor intrusive. G2A's requests are narrowly targeted to depositions relevant to the Polish Proceedings, and a limited production of documents substantiating the nature of Gate Arena's relationship with G2A and its revenues and business transactions in the United States for the years 2013-2015. Robben Decl. Exs. 1, 3, 4. These requests are specifically limited to information necessary to dispel the misconception currently prejudicing G2A in the Polish Proceeding. *See London v. Does 1-4*, 279 F. App'x 513, 515 (9th Cir. 2008) (finding no undue burden "[g]iven the need for the evidence, and the minimal invasion required" where a Section 1782 request was narrowly tailored). Further G2A is willing to take this discovery at a mutually agreeable location in Suffolk County. *See e.g., Mak v. For Issuance of Discovery in Aid of Foreign Proceeding Pursuant to 28 U.S.C. 1782*, No. C 12-80118 SI, 2012 WL 2906761, at *2 (N.D. Cal. July 16, 2012) (holding that appearing for a deposition approximately 20 miles from one's residence is not unduly burdensome or intrusive). Accordingly, Mr. Bryla and Gate Arena will face minimal burden in complying with G2A's requests, and the fourth and final *Intel* factor weighs heavily in favor of granting G2A's request for discovery.[1]

---

[1] Even if the Court were to find that the discovery requested was overly broad, which it should not, the Second Circuit has instructed that "it is far preferable for a district

10

E.      *Ex Parte* Relief Is Appropriate Under Section 1782(a)

An *ex parte* proceeding is specifically contemplated and authorized under Section 1782(a). As an alternative to a noticed motion, a party may move *ex parte* for an order that permits the issuance of Rule 45 Subpoenas pursuant to Section 1782. Indeed, applications pursuant to Section 1782 are "typically or, at least frequently" made and granted on an *ex parte* basis. *In re Porsche*, 2016 WL 702327 at *1 n. 3. *Ex parte* applications are "appropriate because all questions with respect to the propriety of the grant of leave and with respect to the content to the subpoenas are available to every subpoenaed party via a motion to quash or the defense of an application to compel compliance with the subpoenas." *See id.; see also Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash . . .").

---

court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright." *Mees*, 793 F.3d at 302 (internal citations omitted).

11

## IV. CONCLUSION

Based upon the foregoing and accompanying papers, G2A respectfully requests that this Court grant this *ex parte* Application in its entirety.

Dated: New York, New York
June 21, 2019

Respectfully Submitted,

By: *[signature]*

Philip D. Robben
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Email: probben@kelleydrye.com

*Attorneys for Petitioner
G2A.com Sp. z o.o. (Ltd.)*